IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BARBARA ANN ABSHERE                                                                         PLAINTIFF

v.                                          Civil No. 13-2095

CAROLYN W. COLVIN[1], Acting Commissioner of
Social Security Administration                                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g)**.**

**I.  Procedural Background:**

The plaintiff filed her application for DIB and SSI on July 20, 2010 alleging an onset date of February 19, 2010, due to plaintiff's constant swelling in both feet and left ankle and depression. (T. 185).  Plaintiff's applications were denied initially and on reconsideration.  Plaintiff then requested an administrative hearing, which was held on July 5, 2011.  Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, plaintiff was 49 years of age and possessed a high school education plus approximately one year of college. (T. 42). The plaintiff has past relevant work ("PRW") experience as a sales clerk, pharmacy technician, medical receptionist, and outpatient admitting clerk. (T. 73-74).

On October 24, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's morbid obesity, ankle fracture status post open reduction internal fixation (ORIF), and back pain did not meet or equal any Appendix 1 listing. (T. 28). The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work with additional restrictions. (T. 28). With the assistance of a vocational expert, the ALJ determined plaintiff could perform past relevant work as a medical receptionist and an outpatient admitting clerk. (T. 32).

## II.  Applicable Law:

The court's role is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough so that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary."

*Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)©. A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings

before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

**A.  Development of the Record**

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exists "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)). The ALJ is not required to act as Plaintiff's counsel. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC. If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984).

Dr. Carrick found that the plaintiff could lift less than ten pounds frequently and occasionally; stand, walk, and sit less than two hours in an eight-hour day; and she would need to elevate her feet, change positions, have frequent rest periods, have longer than normal breaks, and must have the opportunity to shift at will from sitting, standing, or walking. (T. 321). Dr. Carrick found the limitations were due to severe arthritis and pain in the left ankle with screws and plates and degenerative discs of the lumbar spine with arthritis. (T. 321). Dr. Carrick also assessed that the plaintiff was unable to reach, and the maximum ability to finger and handle was two-thirds of

workday, but he cited no objective findings to support these limitations. (T. 322). Dr. Carrick found no restrictions for extreme cold, extreme heat, high humidity, fumes, odors, dusts, gases, and perfumes, but added the limitations of avoiding concentrated exposure to soldering fumes, solvents or cleaners, chemicals, and sunlight. (T. 322). Dr. Carrick found that she would miss more than four days of work per month due to impairments or treatment. (T. 322).

Dr. Balis found that the plaintiff could lift less than ten pounds frequently and occasionally; stand, walk, and sit less than two hours in an eight-hour day; and she would need to elevate her feet, change positions, have frequent rest periods, have longer than normal breaks, and must have the opportunity to shift at will from sitting, standing, or walking. (T. 318). Dr. Balis found the limitations were due to abnormal X-rays. (T. 318). Dr. Balis also assessed that the plaintiff was unable to reach and handle one-third of the workday, and the maximum ability to finger was two-thirds of workday, but he cited no objective findings to support these limitations. (T. 319). Dr. Balis found that she should avoid all exposure to extreme cold and heat, high humidity, fumes, odors, dusts, gases. (T. 319). She should also avoid even moderate exposure to perfumes, soldering fumes, solvents or cleaners, chemicals, and sunlight. (T. 319). Dr. Balis found that the plaintiff would never be absent from work due to impairments or treatment. (T. 319).

The ALJ gave no weight to the opinions of Drs. Carrick and Balis in the decision. (T. 32). The plaintiff alleges that the ALJ in this case had an obligation to recontact them to clarify any perceived discrepancies between the medical records and the limitations presented in their opinions. (*See* Pl.'s Br. at 10). The ALJ left the record open after the hearing to allow the plaintiff's attorney to submit additional records from Drs. Carrick and Balis. (T. 80). Once the records were submitted, the ALJ found that their opinions were not supported by the objective medical evidence, their

treatment records failed to reveal significant clinical and laboratory abnormalities, and the actual treatment visits were relatively infrequent. (T. 32).

A treating physician's medical opinion is given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). These opinions are not automatically controlling, however, because the record must be evaluated as a whole. *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir.2005). We will uphold an ALJ's decision to discount or even disregard the opinion of a treating physician where "other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Id.* at 920-21 (internal quotations omitted).

Dr. Balis only treated the claimant prior to the alleged onset date, and the treatment was just for sinusitis, rhinitis, bronchitis, and hypertension. (T. 238-240). The evidence reveals one office visit with Dr. Carrick, and he conservatively prescribed Oxycodone and Robaxin, and did not refer her to a specialist or recommend further treatment. (T. 323-324). In addition, their opinions citing severe limitations are inconsistent with the supporting objective medical evidence. The most recent X-rays showed disc space narrowing of the lower thoracic spine with prominent hypertrophic spurring and only mild disc space narrowing at the L-S1 levels. An X-ray of the plaintiff's left ankle also revealed only soft tissue swelling, mild spurring, and postoperative findings in the fibula and medial malleolus consistent with fixation of old healed fractures. (T. 292-293). The court holds that the most recent objective findings support the ALJ's findings in this case. In addition, the other substantial evidence in the case record is contrary to the assessments of Drs. Carrick and Balis. For

example, the ALJ considered the plaintiff's various activities of daily living, most notably that she is able to attend college full time by taking online courses. (T. 43).

There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v. Shalala*, 36 F.3d 43 at 45 (8th Cir. 1994). "The need for medical evidence, however, does not require the [Commissioner] to produce additional evidence not already within the record. '[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision.' " *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir.2001) (quoting *Frankl v. Shalala*, 47 F.3d 935, 937–38 (8th Cir.1995)) (alterations in original). In this case the court finds that any error in failing to recontact Drs. Carrick and Balis to clarify any perceived discrepancies was harmless.

**B. Severe Impairments**

The plaintiff alleges additional severe impairments besides the ones the ALJ found such as depression and anxiety, side effects to medication, fatigue, swelling in feet, high blood pressure and asthma. *See* Plaintiff's Brief (Pl.'s Br.) at 11. Alleged impairments may not be considered severe when they are stabilized by treatment and otherwise are generally unsupported by the medical record. *Johnston v. Apfel*, 210 F.3d 870, 875 (8th Cir. 2000); *see also Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000) (Plaintiff bears the burden to establish severe impairments at step-two of the sequential evaluation). In regards to her depression, anxiety, and/or panic attacks, there is no evidence in the records that she received any specialized mental health treatment. There is no evidence of a physician even prescribing her Prozac. The plaintiff testified that Prozac makes her drowsy, but there is no evidence that she reported such a side effect to a physician. (T. 238-324).

Dr. Kralik conducted a Mental Consultative Examination, and the court finds that she is an acceptable medical source, has specialized knowledge diagnosing mental impairments, and personally examined the plaintiff. The plaintiff admitted to Dr. Kralik that she had not been on antidepressants for the past three years because she felt she was doing better. (T. 247). Dr. Kralik examined the plaintiff and diagnosed her with adjustment disorder with mixed anxiety or panic and depressed mood, but only found one moderate limitation with her capacity to carry out activities of daily living and adaptive functioning. (T. 250-251). The court agrees with the state agency finding that her mental impairments are non-severe because she continues to function well with minimal treatment. (T. 265).

The plaintiff was diagnosed with pedal edema, and she testified she was taking Furosemide for fluid retention. (T. 56 and 271). However, her testimony regarding the need to elevate her left leg and frequent urination as a medication side effect is not supported because such issues were not reported to her physicians. (T. 240 and 323-324). The plaintiff alleged that her obesity causes her to take longer to get places, she cannot squat and do little stooping, and cannot grip well. (T. 69-70). Although she was diagnosed with morbid obesity and the ALJ found it to be a severe impairment, no physician found that she had physical limitations solely because of her obesity. (T. 238-324). There is also no evidence that she was ever diagnosed with a fatigue-related impairment such as chronic fatigue syndrome. (T. 238-324). She testified that she was taking Lopressor and Norvasc for high blood pressure, but there was no indication in the records that it was uncontrolled. (T. 56 and 238-324). The plaintiff alleges that she has sleep apnea, but there is no evidence in the records that she participated in a sleep study or received any treatment such as a continuous positive airway pressure (CPAP) machine. (T. 238-324). She testified that she has asthma and uses Ventolin, but

the records do not reveal a diagnosis or that the symptoms were not managed by the inhaler. (T. 238-324). To the extent that the plaintiff contends she had other severe impairments besides the ones the ALJ found in his decision, the court finds the contention to be without merit.

**C. Residual Functional Capacity**

The ALJ determined that the plaintiff had the RFC to perform sedentary work[2] except that she "can only occasionally climb, balance, stoop, kneel, crouch, and crawl." (T. 28). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer,* 245 F.3d at 704. Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing Lauer v. Apfel, 245 F.3d 700 at

---

[2]Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 CFR § 404.1567(a) and 416.967(a).

704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

### 1. Credibility

In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ). As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). The court should, " defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue* 687 F.3d 1086, 1091 (8th Cir. 2012). "The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir.2004).

The plaintiff states in her Function Report that she is able to care for her dog, prepare simple meals, do laundry, and perform light house cleaning. She can also drive a car, go shopping, attend church, count change, handle a savings account, and use a checkbook or money orders. Her hobbies include watching television and using the computer. (T. 201-204). The plaintiff even testified that she attends college on a full time basis by taking online courses. (T. 43). Thus, the evidence reveals

that the plaintiff is capable of performing various activities of daily living despite her severe impairments. The plaintiff testified her job ended at Western Arkansas Counseling and Guidance Center (WACG) not due to her inability to perform her job duties, but because of economic reasons. (T. 47-48). She even admitted to Dr. Kralik that she was receiving unemployment benefits and was still applying for jobs after the alleged onset date. (T. 247). *See Salts v. Sullivan*, 958 F.2d 840, 846 n.8 (8th Cir. 1992) (acceptance of unemployment benefits, which entails an assertion of the ability to work, is facially inconsistent with a claim of disability).

The plaintiff also failed to seek regular treatment. She underwent ORIF surgery in 2005, and did not receive medical care again until she went to see Dr. Balis in 2009. ( T. 238-240 and 295-304). In 2010, the plaintiff was treated at Cooper Clinic for allergies, and she did not return for medical care until nearly a year later in order to take X-rays and see Dr. Carrick. (T. 245, 292-293, 323-324). Without evidence that she has been denied medical treatment due to financial constraints or that she attempted to obtain low cost or no cost treatment, the argument will not succeed. *See Clark v. Shalala*, 28 F.3d 828, 831 n.4 (8th Cir. 1994); *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir. 1992). Because the ALJ's credibility determination was supported by good reasons and substantial evidence, we conclude that it is entitled to deference. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

### 2.  RFC Determination and Opinion Evidence

Dr. Westbrook, an acceptable medical source that personally examined the plaintiff, conducted the Physical Consultative Examination and found no work related limitations. (T. 267-271). Dr. Redd, a state agency medical consultant, provided a Physical RFC Assessment finding that she could perform sedentary work and could occasionally perform all the postural functions.

(T. 273-279). Dr. Redd based his assessment on the following: no ongoing aggressive therapy for left ankle problems, she had a relatively good musculoskeletal exam, she had a benign pulmonary exam, and she had no hospitalizations or interventions for pulmonary disease. (T. 279). Dr. Redd also noted that the Physical Consultative Examination was within normal limits. (T. 279). The ALJ gave more weight to Dr. Redd's opinion because he had access to all the medical evidence when he made his assessment. (T. 32).

The Eighth Circuit Court of Appeals has upheld the Commissioner's RFC assessment in cases where the ALJ did not rely on a treating physician's functional assessment of the claimant's abilities and limitations. *See Page v. Astrue*, 484 F.3d at 1043 (the medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); *Stormo v. Barnhart*, 377 F3d 801, 807-08 (8th Cir. 2004) (medical evidence, state agency physicians' assessments, and claimant's reported activities of daily living supported RFC finding). In light of the claimant's testimony and the lack of evidentiary support for the treating physicians' RFC determinations, the court finds in this instance that the ALJ properly considered all of the evidence in determining the plaintiff's RFC.

## C. Past Relevant Work and Award of Benefits

The court finds that the ALJ properly determined that the plaintiff can return to past relevant work as a medical receptionist and outpatient admitting clerk. (T. 32). The plaintiff alleges that the ALJ did not include in his questioning to the vocational expert ("VE") about the stress level of the job or the non-exertional requirements of the job. *See* Pl.'s Br. at 17. Since there is no evidence in the record that supports such limitations and the court supports the ALJ finding that there are no severe mental impairments, such questioning is not required. (T. 238-324). An individual is not

disabled if they retain the capacity to perform either their past relevant work as it was actually performed, or as it is generally performed in the national economy. *Evans v. Shalala*, 21 F.3d 832, 833-834 (8th Cir. 1994) (quoting SSR 82-61 (1982)); *see also* 20 C.F.R. § 404.1560(b)(2). The VE testified that the plaintiff's past work as a medical receptionist and outpatient admitting clerk was sedentary, semi-skilled work and such work is within the purview of the RFC found in the decision. (T. 73-74). Accordingly, the ALJ did not err in the conclusion that the plaintiff can perform her past relevant work. For the reasons stated above, an award of benefits is unwarranted.

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated this 20th Day of May 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE